IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOHAMAD GHRAOWI, | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | CIVIL ACTION:2:18-cv-451 |
| | * | JURY |
| C.H. WILKINSON PHYSICIAN | * | |
| NETWORK D/B/A | * | |
| CHRISTUS PHYSICIAN GROUP, and | * | |
| CHRISTUS SPOHN HEALTH | * | |
| SYSTEM CORPORATION D/B/A | * | |
| CHRISTUS SPOHN HOSPITAL– | * | |
| SHORELINE | * | |
| Defendant | * | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Mohamad Ghraowi files this Original Complaint against Defendants C.H.
Wilkinson Physician Network d/b/a Christus Physician Group ("CPG") and Christus Spohn Health
System Corporation d/b/a Christus Spohn Hospital – Shoreline ("Christus Spohn") (collectively
"Defendants"). In support, Dr. Ghraowi shows as follows:

**PARTIES**

1. Plaintiff is an individual and resident of the State of Texas.

2. Defendant C.H. Wilkinson Physician Network aka Christus Physician Group ("CPG") is a
   Texas corporation headquartered at 919 Hidden Ridge, Irving, Texas 75038-3813. C.H.
   Wilkinson may be served with process through its registered agent:

   Corporation Service Company
   211 E. 7th Street, Suite 620
   Austin, Texas, 78701-3218

1

3.  Defendant Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital –
    Shoreline ("Christus Spohn") is a Texas corporation headquartered at 600 Elizabeth Street,
    Corpus Christi, Texas 78404-2235. Christus Spohn may be served with process through its
    registered agent:

    > Corporation Service Company d/b/a
    > CSC-Lawyers Incorporating Service Company
    > 211 E. 7th Street, Suite 620
    > Austin, Texas, 78701-3218.

4.  Should Plaintiff learn that the business is owned by a different corporation or other business
    entity, then the Plaintiff would request leave to add as a proper party, substitute the true name
    and/or to serve said corporation or business entity.

## VENUE AND JURISDICTION

5.  Venue is proper in the Southern District of Texas, and in that, all or a substantial part of the
    events or omissions giving rise to this cause of action occurred in the Southern District of
    Texas.

6.  This Court has jurisdiction pursuant to 28 U.S.C. section 1331, 29 U.S.C. sec.621 et seq.
    Plaintiff is entitled to attorneys' fees and costs pursuant to 29 U.S.C. sec. 216(b), 42 U.S.C.
    sec.1981, 1981(a), 42 U.S.C. sec.1988.

## MISNOMER/MISIDENTIFICATION

7.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention
    that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of
    parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be
    pierced to hold such parties properly included in the interest of justice.

2

## RESPONDEAT SUPERIOR

8. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of defendant(s) and were at all times acting in the course and scope of that employment.   Accordingly, defendant(s) are liable for such conduct under the doctrine of *Respondeat Superior*.

9. At all times relevant to this lawsuit, Defendants, its agents and employees, were aware of the acts and omissions alleged herein, and through its authorized employees, agents, officers, executives, or representatives, knowingly formulated, participated in, and/or approved the wrongful and illegal conduct complained of herein.

## OVERVIEW

10.  Plaintiff is a physician who specializes in medical oncology and hematology. Plaintiff was 63 years old on the day his employment ended, August 31, 2017.

11. Plaintiff obtained his Doctorate of Medicine on or about 1979 at the University of Damascus in Syria. Plaintiff then provided two years of medical service with the Syrian Army. On or about 1985, Plaintiff practiced medicine in England for three years with the last six months doing study at Wells University, Cardiff, in England where Plaintiff received a Degree in chest medicine. Plaintiff then completed basic science research at University of Maine, Orono; completed a residency at New York City Lincoln Hospital where Plaintiff had graduated in its internal medicine program. On or about 1991-1994, Plaintiff completed his fellowship in hematology and oncology at Columbia University in New York City. Plaintiff then worked in the private practice for a year in Houston in 1995 then one year with Spohn in 1996.

12. On or about 1997, Plaintiff started a private business known as South Texas Cancer Institute, later named South Texas Comprehensive Cancer Centers (STCCC) with the business' specialty

was oncology and hematology. STCCC provided medical services to patients with cancer. Plaintiff's medical business (STCCC) operated several offices covering Alice, Beeville, Corpus Christi, Kingsville, Rockport and Aransas Pass, two cancer centers in Corpus Christi, employed two to three physicians and over thirty employees. STCCC owned a substantial amount of medical equipment and assets.

13. Plaintiff's medical business, STCCC, was a profitable business.

14. In June 2014, Christus Spohn purchased Plaintiff's entire medical business including all assets and patients. Spohn named the new business: Christus Spohn Cancer Centers.  As part of the sales agreement, Plaintiff was to be the Medical Director of Hematology / Oncology at the new Christus Spohn Cancer Centers.

15. In June 2014, Christus Spohn entered into a Physician Staffing Agreement with Christus Physician Group ("CPG") regarding the physician staffing of the cancer clinics it purchased from Plaintiff. Two physicians were specifically identified:  Plaintiff Dr. Ghraowi (61 at the time) and Dr. Lalitha Janaki (over 70).

16. In June 2014, Defendants Spohn and CPG contracted with Plaintiff to provide services as an oncology physician and as the Medical Director of Hematology / Oncology at the new Christus Spohn Cancer Treatment Centers.

17. On or about August 2016, Defendants removed Plaintiff as the Director of Christus Spohn Cancer Treatment Centers and transferred Plaintiff to a smaller facility in a smaller market (Alice, Texas). Prior to this employment action, Plaintiff was earning percentage of wages based upon business revenue generated; and after the employment action, Plaintiff no longer earned percentage of income based upon business revenue generated and made less income.

18. On or about August 31, 2017, Plaintiff's employment involuntarily ended.

## FACTUAL BACKGROUND

19. Plaintiff is a physician, specializing in the field of oncology and hematology with 24 years of experience. From 1997 to 2014, Plaintiff formed South Texas Cancer Institute, a business providing cancer treatment services in and around the Corpus Christi and the South Texas areas; and which business was later named the South Texas Comprehensive Cancer Centers (STCCC).  In 2014, Defendant Spohn purchased STCCC (Plaintiff's business) and changed the name of the business to "Christus Spohn Cancer Treatment Centers" aka "Christus Spohn Cancer Center Clinics" aka "Christus Spohn's Cancer Clinics".  Defendant Christus Spohn is South Texas' largest hospital system.

20. Defendant C.H. Wilkinson d/b/a and aka Christus Physician Group ("CPG") is a physician employment and practice management company that hires and staffs physicians at various hospitals and clinics across Texas and Louisiana.

21. Plaintiff was staffed as and held the Medical Director of Hematology / Oncology position of the Christus Spohn Cancer Centers (the clinics that Defendant Christus Spohn purchased from Plaintiff).

22. By early 2015, Christus Spohn Cancer Centers were growing to where additional physicians staffing was needed to cover the growth. Defendant CPG recruited and hired Doctor Reddy for a physician position at Christus Spohn Cancer Centers.

23. Dr. Reddy was approximately 25 years younger with substantially less experience than Plaintiff.

24. Plaintiff was 61 years of age.

25. Defendants treated Dr. Reddy (younger) more favorably than it treated Plaintiff (older origin). The disparate treatment included:

a. Defendants marketed and supported Dr. Reddy's services; they did not provide these benefits to Plaintiff;

b. Defendants provided Dr. Reddy with access to more patients than it provided to Plaintiff;

c. Defendant provided Dr. Reddy more support staff (nurse practioners, registered nurses and medical assistants) that Plaintiff.

d. Dr. Reddy was paid for supervision of chemotherapy to patients, Defendants did not pay Plaintiff for the same work, for supervision of chemotherapy to patients.

e. Plaintiff was required to do clinical research, Dr. Reddy was not required to perform clinical research.

f. Defendants made a continuing, organized effort to route and divert patients of older physicians, including Plaintiff and Dr. Janaki, to younger physicians, including Dr. Reddy and Dr. Panati.

26. In 2015, when Plaintiff was on vacation, Dr. Reddy made inappropriate remarks to one of Plaintiff's patients receiving cancer treatment, which included: Dr. Reddy telling the patient, "*I don't know why you're trying so hard, you're just going to die anyways.*" The patient was very upset.  Plaintiff reported the conduct to Defendants. Dr. Reddy was not counseled or discipline for his actions.

27. Plaintiff complained about Dr. Reddy receiving more favorable treatment than Plaintiff. Dr. Reddy is approximately 25 years younger than Dr. Ghraowi. Defendant supported and promoted Dr. Reddy's business more than it supported Plaintiff's business:  this included sending more patients to Dr. Reddy.

28. From 2015 to 2017, Dr. Reddy violated both hospital rules and best practices. Dr. Reddy failed to keep and refused to keep accurate, updated patient charts. When he did chart, Dr. Reddy often did so in an untimely and incomplete manner, and sometimes going months without charting in the manner required by law, Medicare, Medicaid and Defendant's policies.

29. Plaintiff was required to follow all policies.

30. Defendants did not take action against Dr. Reddy for failure to perform his job duties as required.

31. From 2015 to 2017, Plaintiff made multiple formal and informal complaints to Defendants regarding the discriminatory and disparate treatment given to the younger Dr. Reddy.

32. In latter of 2015, Plaintiff raised complaints of disparate treatment regarding Dr. Reddy to Defendant C.P.G.'s Vice President of Operations Robb Horace. No action was taken.

33. Following that, Plaintiff made a complaint of disparate treatment to Defendant Christus Spohn's Chief Medical Officer Osbert Blow. No action was taken.

34. In August 2016, Plaintiff complained of disparate treatment to Defendant Christus Spohn's Chief Medical Officer Osbert Blow. A short time after Defendant's received Plaintiff's complaint, Vice President of Operations Rob Horace met Plaintiff in Corpus Christi and removed Plaintiff from his position as the Medical Director of Christus Spohn Cancer Centers. Defendants moved Plaintiff to a small office in Alice.

35. Defendants selected Dr. Reddy to assume Plaintiff's duties as Medical Director of Christus Spohn Cancer Centers.

36. In February 2017, Plaintiff met with Defendant Christus Spohn's President Justin Doss. Plaintiff and made complaint of discriminatory treatment. This included that Defendant Christus Spohn's Executive Director Thomas Enright was instructing staff to send Plaintiff patient referrals to someone other than Plaintiff, resulting in Plaintiff not treating them. Younger physicians were not the subject of this or any similar instruction.

37. On or about April 2017, Plaintiff informed Thomas Enright, administrator of the cancer center, that Defendant had not properly staffed Plaintiff's Alice office to manage the 21 cancer patients at the Alice facility. Defendant did not respond to Plaintiff's concerns.

38. On or about May 22, 2017, Defendants informed Plaintiff that Defendant will be ending Plaintiff's employment on August 31, 2017. Defendants did not and would not provide a reason for the decision.

39. Thereafter in May 2017, Plaintiff contacted Defendant CPG's President and Chief Executive Officer Peter Plantes and requested a reconsideration, appealing the decision to not renew Plaintiff's contract.

40. In June 2017, CPG's CEO Dr. Plantes responded to Plaintiff that Plaintiff's employment would end August 31, 2017.  Defendants did not provide Plaintiff reason for the decision.

41. On August 31, 2017, Defendants terminated Plaintiff's employment.

42. Thereafter, Dr. Panati, substantially younger, was selected to take Plaintiff's duties.

43. At the time of his termination, Plaintiff had every intention to continue his career with Defendants until his retirement. To this day, Plaintiff remains qualified and able to perform the duties that Defendants had hired him to perform.

44. On February 27, 2018, Plaintiff filed his Charge of Discrimination (Charge No. 460-2018-02576) with the Equal Employment Opportunity Commission ("EEOC").

45. On September 19, 2018, the EEOC issued Plaintiff a Notice of Right to Sue upon his request. Plaintiff timely files this action within ninety days of the issuance of his EEOC Notice of Right to Sue.

## CAUSE OF ACTION: 29 U.S.C. sec. 621 -- AGE DISCRIMINATION

46. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

47. Defendants violated Plaintiff's rights under 29 U.S.C. sec. 621 et seq. by discharging and otherwise discriminating against him on the basis of his age with respect to his compensation,

terms, conditions, and privileges of employment; and by limiting, segregating, and classifying him in a way which deprived or tended to deprive him of employment opportunities or adversely affected his status as an employee because of his age.

48. Plaintiff was 63 years old on the date of his termination and a member of a protected class.

49. Plaintiff remained, at all times, qualified for the job he held while employed by Defendants. Plaintiff diligently performed the requirements of his job while employed by Defendants.

50. Defendants demoted Plaintiff in August 2016 and was replaced by Dr. Reddy (substantially younger – less than 40 years)

51. Defendant's terminated Plaintiff's employment on August 31, 2017, and selected Dr. Panati (substantially younger – less than 40 years) to replace Plaintiff.

52. Age was a motivating / determinative factor in Defendants' decision to terminate Plaintiff.

53. Plaintiff suffered damages as a result of Defendants' violations of the Texas Labor Code.

### Disparate Impact

54. In the alternative: Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

55. Upon information and belief: Defendants discriminate against older physicians in ways that are continuing and systematic.

   a. Defendants made a continuing, organized effort to promote (market, advertise, etc.) younger physicians at the expense of older physicians. In general, Defendants have exhibited a focused effort to aggressively market and support younger physicians, including Dr. Reddy and Dr. Panati,, while doing the same to market and support older physicians such as Plaintiff and Dr. Janaki, setting up younger physicians to succeed while older physicians were set up to fail.

9

b.  Thereby, Defendants grew the business, practice and reputation of younger physicians, including Dr. Reddy and Dr. Panati, at the expense of older physicians, including Plaintiff and Dr. Janaki.

c.  While Defendant's hiring, retention and promotions policies and practices may seem neutral, their effect is far from neutral. As administered, the effect of those policies and practices is to favor younger physicians to the detriment of older physicians.

## Hostile Work Environment

56. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

57. Plaintiff is over 40 years old; was subject to unwelcome harassment in the form of disparate working conditions as compared to the younger employee that was ongoing and altered the conditions of employment therein creating an abusive working environment of which the Defendants had knowledge.

## Retaliation

58. In the alternative: Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs

59. Upon information and belief.  Plaintiff engaged in protected activity, Defendants took adverse action against Plaintiff, and a causal connection exists between the protected activity and the adverse employment action.

## JURY DEMAND

60.  Plaintiff demands a jury trial and hereby tenders the required fee.

## PRAYER

61. For these reasons, Plaintiff prays that this Court enter a judgment in his favor and against Defendants for the following:

      a.   Actual damages;

      b.   Compensatory damages

      c.   Exemplary damages;

      d.   Lost back wages;

      e.   Reinstatement or Lost future wages in lieu of reinstatement;

      f.   Reasonable attorneys' fees, including expert witness fees;

      g.   Pre-judgment and post-judgment interest;

      h.   Costs of court; and

      i.   All further legal and equitable relief to which Plaintiff may be entitled.

## **CONCLUSION**

**WHEREFORE,** Plaintiff prays that Defendants be cited to appear and answer herein and for all the relief requested above and that upon final hearing hereof, a judgment be rendered for Plaintiff and against Defendants, for the damages set out above in the amount  deemed reasonable under the circumstances, along with attorneys' fees, costs of court, pre-judgment interest, post-judgment interest and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully Submitted,


By: _/s/ Adam Poncio_____
Adam Poncio
State Bar No. 16109800
PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Rd., # 109
San Antonio, Texas 78229-3550
Telephone:     (210) 212-7979
Facsimile:     (210) 212-5880
salaw@msn.com

Chris McJunkin
State Bar #13686525
2842 Lawnview
Corpus Christi, Tx. 78404
Tel: (361) 882-5747
Fax: (361) 882-8926
cmcjunkin@stx.rr.com

ATTORNEYS FOR PLAINTIFF